MKM:MEG

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

QAWON ALLEN,
    also known as "40,"

               Defendant.

- - - - - - - - - - - - - - - - -X

**FILED UNDER SEAL**

COMPLAINT

19-MJ-173
(18 U.S.C. §§ 924(c)(1)(A)(i),
924(c)(1)(A)(ii), 1951 and 2)

EASTERN DISTRICT OF NEW YORK, SS:

        Steven Schiliro, being first duly sworn, deposes and states that he is a Special Agent with the Federal Bureau of Investigations ("FBI"), duly appointed according to law and acting as such,

        On or about January 26, 2019, within the Eastern District of New York and elsewhere, the defendant QAWON ALLEN, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of John Doe, a marijuana trafficker, in Brooklyn, New York.

        (Title 18, United States Code, Section 1951)

        On or about January 26, 2019, within the Eastern District of New York, the defendant QAWON ALLEN, together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a crime of violence, to wit, a violation of

Title 18, United States Code, Section 1951, and did knowingly and intentionally possess such firearms in furtherance of said crime of violence, one or more of which firearms was brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii) and 2)

The source of your deponent's information and the grounds for his belief are as follows:

1. I have been a Special Agent with the Federal Bureau of Investigation ("FBI") for approximately nine years. I am currently assigned to the New York Metro Safe Street Gang Task Force, where I investigate gangs, narcotics trafficking, firearms trafficking, fraud and other offenses. These investigations are conducted both overtly and covertly. During my tenure with the FBI, I have participated in numerous investigations of gangs, during which I have (a) conducted physical surveillance, (b) executed search warrants, (c) debriefed cooperating witnesses and victims, (d) reviewed and analyzed numerous taped conversations of those engaged in gang activities, and (e) monitored wiretapped and monitored conversations and reviewed line sheets prepared by wiretap monitors. Through my training, education and experience, I have become familiar with the manner in which armed robberies and other crimes are carried out, and the efforts of persons involved in such activity to avoid detection by law enforcement.

2. I am familiar with the facts and circumstances of this investigation from discussions with New York City Police Department ("NYPD") officers and detectives and agents of other law enforcement agencies, and from my review of records and reports relating to the investigation. Unless otherwise noted, wherever in this Affidavit I assert that

a statement was made, the information was provided by another agent or law enforcement officer or witness who may have had either direct or hearsay knowledge of that statement and to whom I or others have spoken or whose reports I have read and reviewed. Such statements are among many statements made by others and are stated in substance and in part unless otherwise indicated. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

3. Based on information provided by John Doe, whose true identity is known to me, I am aware that prior to the date of the robbery, the defendant and John Doe discussed in person and over the phone the defendant's interest in purchasing marijuana from John Doe. On the date of the robbery, January 26, 2019, John Doe agreed to meet the defendant in the vicinity of Milford Street and Pitkin Avenue in East New York, Brooklyn to sell marijuana to the defendant.

4. I have reviewed video recorded by various security cameras in the vicinity of Milford Street and Pitkin Avenue on the day of the robbery. Prior to the robbery, the defendant—whose face is clearly visible on security camera footage—entered a residential building located on Milford Street with another man, who is later revealed to be the gunman in the robbery (hereinafter, the "co-conspirator"). While in the hallway of the building, the co-conspirator changed his shoes and jacket; the defendant waited nearby. A short time later, John Doe parked a vehicle on Milford Street near the corner of Pitkin Avenue. John Doe then got out of the vehicle and walked to the rear of the vehicle where the trunk was open; the co-conspirator was waiting several car-lengths away. While John Doe

was standing behind the vehicle and leaning into the trunk, the co-conspirator ran up to John Doe while holding what appears to be a gun. John Doe reported that the co-conspirator, whose face was partially covered, brandished a gun and demanded the bag. Security video footage shows John Doe abruptly running away from the vehicle and into the street while carrying a bag before entering a barbershop located a short distance away on Pitkin Avenue. The defendant and the co-conspirator then rummaged through John Doe's trunk, which was still open, but didn't appear to take anything. While the defendant remained near John Doe's vehicle, the co-conspirator approached the barbershop, which he forcibly entered. John Doe and eyewitnesses in the barbershop reported that the co-conspirator pointed a gun at John Doe and demanded John Doe's bag; John Doe ultimately gave the bag to the co-conspirator, which contained approximately four pounds of marijuana. Security video footage shows the co-conspirator running away from the barbershop holding a bag and returning to Milford Street where he met up with the defendant. John Doe reported seeing the co-conspirator and the defendant—whom John Doe has known for many years—together on Milford Street moments after the robbery. Security video footage shows that the defendant left the area a short time later in the same vehicle that he and the co-conspirator had arrived in shortly before the robbery.

    5.  John Doe, who attended school with the defendant years ago, identified the defendant to the undersigned as "40"; the defendant is also known to members of the NYPD by that nickname. In addition, I am informed by a member of the NYPD that John Doe confirmed that a photograph of the defendant was the person that John Doe referred to as "40." In addition, I am informed by a member of the NYPD who has known the

defendant for a number of years, that the person whose face is clearly visible on the video from inside the building where the co-conspirator changed his shoes before the robbery is the defendant.

WHEREFORE, your deponent respectfully requests that an arrest warrant issue for the defendant QAWON ALLEN so that he may be dealt with according to law.

Steven Schiliro
Special Agent
Federal Bureau of Investigation

Sworn to before me this
25th day of February, 2019

/s/ SLT
_____
THE HONORABLE STEVEN L. TISCIONE
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK